UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD CREGO,

        Movant,

  -vs-

UNITED STATES OF AMERICA,

        Respondent.

**DECISION AND ORDER**

**Civil Case No.
No. 6:16-cv-06453-MAT**

**Criminal Case
No. 6:11-cr-06089-MAT**

---

## INTRODUCTION

Richard Crego ("Crego" or "Movant"), proceeding pro se, has filed a Motion to Vacate under 28 U.S.C. § 2255 ("Section 2255"), seeking an order vacating and correcting his sentence based on Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson").

## BACKGROUND

On October 27, 2011, Crego appeared with his attorney before United States District Judge Charles J. Siragusa and plead guilty to one (1) count of Conspiracy to Possess with Intent to Distribute, and to Distribute, Five (5) Kilograms or More of Cocaine and 280 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 846 and 851.

In the Pre-Sentence Report ("PSR"), the United States Probation Office recommended finding that Crego was a "career offender" pursuant to the United States Sentence Guidelines ("USSG" or "Guidelines") §§ 4B1.1(a) and 4B1.2(b) based on two prior drug convictions. See PSR (Dkt #227-sealed) ¶ 62 (stating that Movant

meets § 4B1.1(a) because he has "two prior felony convictions for Criminal Sale of a Controlled Substance 3rd as noted in Part B [of the PSR]"), ¶ 70 (stating that on 01/09/2007, Movant pled guilty to Criminal Sale of a Controlled Substance ("CSCS") 3rd (felony) and was sentenced to 2 years imprisonment and 2 years post-release supervision); ¶ 71 (on 01/18/2007, Movant pled guilty to CSCS 3rd (felony) and was sentenced to 2 years imprisonment and 2 years post-release supervision).

Respondent filed a Statement with Respect to Sentencing Factors (Dkt #221) and a Motion for a Downward Departure (Dkt #222) on March 1, 2013, in which it recommended an 84-month departure below the statutory mandatory minimum sentence of 240 months, resulting in a recommended sentence of 156 months. Through counsel, Crego filed a Sentencing Memorandum ("Def's Sent. Mem.") (Dkt #225), requesting, in relevant part, that Judge Siragusa impose a sentence of 156 months incarceration. In the Sentencing Memorandum, Crego's attorney also stated, "I, on behalf of Richard Crego, take the same position concerning the PSR as the Government has taken in its Statement with Respect to Sentencing Factors." Def's Sent. Mem. (Dkt #225) ¶ 10.

On March 11, 2013, Judge Siragusa sentenced Crego as a career offender under the Guidelines to a term of imprisonment of 156 months, to be followed by 10 years of supervised release.

This is Crego's first Section 2255 motion. Respondent filed a memorandum of law in opposition to the motion. Crego did not file a reply. For the reasons set forth below, the Section 2255 motion is denied.

**DISCUSSION**

In Johnson, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924c(2)(B), is constitutionally void for vagueness under the Due Process Clause. Though Johnson dealt only with the ACCA's residual clause, the Second Circuit has recognized that the operative language of USSG § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical.[1] See, e.g., United States v. Gray, 535 F.3d 128, 130 (2d Cir. 2008) ("[W]here the language of two . . . provisions is identical, we cannot conclude that those provisions have disparate applicability to a type of conduct that inherently involves the risk specified in both provisions.") (quotation omitted). Effective August 1, 2016, Sentencing Commission amended Section 4B1.2(a)(2) to strike the residual clause, finding that it implicated many of the same concerns cited by the Supreme Court in Johnson.

---

[1] Compare U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" to include "conduct that presents a serious potential risk of physical injury to another") with 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" to include "conduct that presents a serious potential risk of physical injury to another").

Under the career offender provision of the Guidelines, § 4B1.1(a),

> A defendant is a career offender if (1) the defendant is at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has *at least two* prior felony convictions of *either* a crime of violence *or* a controlled substance offense.

USSG § 4B1.1(a) (emphasis supplied). There is no dispute that Crego was at least 18 years old at the time of his offense of conviction, which was clearly a controlled substance offense. Due process concerns could be implicated if the Court had relied on prior "crimes of violence" to find that Crego fulfilled § 4B1.1(a)(3), since it was the definition of "crimes of violence" in the recently amended USSG § 4B1.2(a)(2) that would have implicated Johnson. However, the PSR recommended finding that Crego was a "career offender" pursuant to Guidelines §§ 4B1.1(a) and 4B1.2(b) based on two prior "controlled substance offenses"—not based on any "crimes of violence." See PSR (Dkt #227-sealed) ¶ 62 (stating that Movant meets § 4Bl.l(a) because he has "two prior felony convictions for Criminal Sale of a Controlled Substance 3rd as noted in Part B [of the PSR]")). In other words, Guidelines § 4B1.2(a)(2) was not involved in the calculation of Crego's sentence. Thus, that section's definition of "crimes of violence," which raises the same constitutional concerns as the ACCA's definition of "violent felonies," was not and is not relevant to Crego's case.

A defendant carries the burden of proving, by a preponderance of the evidence, that he is entitled to relief under Section 2255." See, e.g., Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000). Here, Crego has not established that Johnson is applicable to his case, nor that his sentence constitutionally flawed or in excess of what is permissible under the law. See 28 U.S.C. § 2255(a). Accordingly, relief under Section 2255 will not issue.

## CONCLUSION

For the reasons discussed above, the Section 2255 Motion (Dkt #333) filed by Richard Crego is **denied.**

**SO ORDERED**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   August 30, 2016
         Rochester, New York